## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 21-00899-DOC-(ADSx) | Date: July 7, 2021 |

Title: ZACHARIAH OTTO V. MERCK & CO., INC., et al.

---

PRESENT: THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [21]**

Before the Court is Plaintiff Zachariah Otto's ("Plaintiff") Motion to Remand ("Motion") (Dkt. 21). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After reviewing the papers, the Court **GRANTS** Plaintiff's Motion.

### I. Background

#### A. Facts

Plaintiff, a Colorado citizen, received three Gardasil injections. Mot. at 15. After receiving his second injection on October 13, 2014, Plaintiff developed dysautonomia, postural orthostatic tachycardia syndrome ("POTS"), orthostatic intolerance ("OI"), small fiber neuropathy ("SFN"), chronic fatigue syndrome ("CFS"), mast cell activation syndrome, and fibromyalgia. *Id.* at 2. After complaining to his doctor about his symptoms, he received a third injection on February 3, 2015. *Id.* at 10. Shortly thereafter, Plaintiff's symptoms worsened, and he experienced new injuries. *Id.* Because of his Gardasil-induced injuries, Plaintiff could not physically attend college and could not work. *Id.*

After filing a petition in the Vaccine Court and obtaining judgment, Plaintiff filed suit against Kaiser Foundation Hospitals; Southern California Permanente Medical Group; Nigel L. Kent, M.D.; Timothy Allyn Munzing, M.D.; and Hemesh Mahesh Patel, D.O. (collectively "Kaiser Defendants"), and against Merck ("Merck Defendants"). *Id.* at 1, 3. Plaintiff is a Colorado citizen, Kaiser Defendants are California citizens, and Merck Defendants are New Jersey citizens. Opp'n. (Dkt. 23) at 4.

### B. Procedural History

On September 16, 2020, Plaintiff originally filed a civil action against Kaiser Defendants and Merck Defendants in the Superior Court of California, County of Orange. *Id.* at 4. Merck Defendants removed the action to this Court on May 13, 2021, asserting diversity jurisdiction. Notice of Removal (Dkt. 1). On June 14, 2021, Plaintiff moved to remand Merck Defendants' removal of this action from state court. Mot. (Dkt. 21). On June 28, 2021, Merck Defendants opposed Plaintiff's motion to remand. Opposition (Dkt. 23). On July 2, 2021, Plaintiff replied to Merck Defendants' opposition. Reply (Dkt. 24).

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," and not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c)"). A federal court has jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332.

## III. Discussion

Plaintiff moves to remand based on the forum defendant rule. Mot. at 1. The forum defendant rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). Therefore, because Kaiser Defendants are California citizens, Plaintiff argues that the forum defendant rule bars removal, even though Merck Defendants are New Jersey citizens.

Merck Defendants, on the other hand, argue that removal was proper, because this Court has diversity jurisdiction. Opp'n. at 2. Diversity jurisdiction requires that the controversy is between "citizens of different States," and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Here, diversity jurisdiction is met, because the parties have a diversity of citizenship (Plaintiff is a Colorado citizen, Kaiser Defendants are California citizens, and Merck Defendants are New Jersey citizens), and the amount in controversy exceeds $75,000. Opp'n. at 5. As such, Merck Defendants contend that this Court has diversity jurisdiction.

While diversity jurisdiction does exist, the Court finds that the forum defendant rule applies here. The purpose of the forum defendant rule is "tied to the purpose of diversity jurisdiction, which is to 'protect out-of-state defendants from possible prejudices in state court.'" *SWC Inc. v. Elite Promo Inc.*, 234 F.Supp.3d 1018, 1022 (N.D. Cal. 2017) (quoting *Lively*, 456 F.3d at 940). For in-state defendants, the need to protect the defendant from state court prejudices is absent. *Id.* Here, Plaintiff joined Kaiser Defendants and Merck Defendants as defendants to this action. While Merck Defendants are citizens of New Jersey, Kaiser Defendants are citizens of California. Because Kaiser Defendants are citizens of the forum state, the forum defendant rule bars removal to federal court. *See Spencer v. U.S. Dist. Court for N. Dist. Of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) (holding that "the presence of a local defendant at the time removal is sought bars removal"). Furthermore, since Merck Defendants solely sought removal on the basis of diversity jurisdiction, the forum defendant rule applies here and discourages removal. *See Lively*, 456 F.3d at 939 ("[The forum defendant rule] confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state"). As a result, while diversity jurisdiction does exist, the forum defendant rule bars removal to federal court.

### IV. Disposition

Given that the forum defendant rule bars removal to federal court, the Court hereby **GRANTS** Plaintiff's Motion to Remand.

The Clerk shall serve this minute order on the parties.